DANIEL G. BOGDEN
United States Attorney
NANCY J. KOPPE
Assistant United States Attorney
333 S. Las Vegas Blvd., Suite 5000
Las Vegas, Nevada 89101
(702) 388-6336

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

-oOo-

UNITED STATES OF AMERICA )
                         )
        Plaintiff        ) 2:11-cr-00001-KJD-GWF
                         )
vs.                      )
                         )
PATRICK CONROY,          )
                         )
        Defendant        )
                         )

**MEMORANDUM IN SUPPORT OF PLEA**

The United States, by and through Daniel G. Bogden, United States Attorney, and Nancy J. Koppe, Assistant United States Attorney, files the following memorandum in support of plea. The defendant will plead guilty to the indictment charging Coercion and Enticement, in violation of Title 18, United States Code, Section 2422(b). This memorandum sets forth the penalties, elements and factual basis to support the plea.

**ELEMENTS OF THE OFFENSE**

The essential elements needed to prove the crime of Coercion and Enticement, in violation of Title 18, United States Code, Section 2422(b), are the following:

1. The defendant, using the mail or any facility or means of interstate or foreign commerce;

2. Knowingly persuaded, induced, enticed, or coerced, or attempted to knowingly persuade, induce, entice or coerce;

3. Any individual who has not attained the age of 18 years;

4. To engage in any sexual activity for which any person can be charged with a criminal offense.

## PENALTY

1. The penalty for violating Title 18, United States Code, Section 2422(b) is not less than ten (10) years imprisonment and not more than lifetime imprisonment, a fine of not more than two hundred fifty thousand dollars ($250,000), or both.

2. Defendant is subject to supervised release for any term of years including life.

3. Supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

4. Defendant must pay a special assessment of one-hundred ($100) for each count of conviction.

5. Defendant is required to pay for the costs of imprisonment, probation, and supervised release, unless defendant establishes that defendant does not have the ability to pay such costs, in which case the court may impose an alternative sanction such as community service.

## FACTS TO SUPPORT A PLEA OF GUILTY

1. The defendant is pleading guilty because the defendant is guilty of the charged offense.

2. In pleading to the offense, the defendant acknowledges that if the defendant elected to go to trial instead of entering this plea, the United States could prove facts sufficient to establish the defendant's guilt beyond a reasonable doubt.

3. The defendant specifically admits and declares under penalty of perjury that all of the facts set forth below are true and correct:

4. On October 5, 2010, Henderson Police Department (HPD) Detective Wayne Nichols went online in an undercover capacity, to the website Craigslist.com. Under casual encounters, Detective Nichols observed an advertisement that he later learned was posted by defendant Patrick Conroy. This advertisement was entitled, in part, "looking for a wild night." The body of the ad stated that a 35-year old male was "looking for ladies to have a wild night with." It also stated that the poster was "open to all ages and races..." Also included in the posting were two pictures - one depicted a person's face, and the other depicted a naked erect penis. Detective Nichols responded to the ad from an undercover e-mail account, stating that the sender of the e-mail had seen the ad, and was younger. Defendant e-mailed back, acknowledged that he had posted the ad, said he didn't mind that the girl was younger, and that he wanted to know what she looked like. Defendant also said he was looking to have some adult fun and maybe "hang out" as well. Detective Nichols then sent an e-mail stating that "she" was 14 years old, and that "she" had a photo to exchange. He sent, via e-mail, a forensically regressed image of a female officer that appeared to be a 14-year old girl.

5. The two began to speak online. During these conversations, the girl's age was cited more than once, both literally and in the context of the conversation. Defendant invited the girl over to his place and asked if the girl was looking to just hang out or be intimate with him. When the girl expressed concern about going to his place because of the potential of roommates, defendant confirmed that he had roommates, but assured her that his room was private. The girl then expressed reluctance at going to defendant's residence while his roommates were home. Defendant said that, if her concern was that his roommates might hear them doing something sexual, she shouldn't worry because he would turn up the stereo or TV to cover up potential noises.

6. When defendant talked about sex, the girl asked if he would wear a condom, because she didn't want to become pregnant at age 14. Defendant replied that she shouldn't worry about that because he always wears a condom, and he wouldn't want to see her get pregnant either. Defendant also asked the girl about her sexual experience and said that he was open to try sexual

things if she wanted to experiment.  He also said that he enjoyed regular sexual positions and loved to give oral sex as well.

7. Eventually, arrangements were made to meet that same day.  After making tentative plans to meet at a specific Vons in Henderson, Nevada, defendant explained that he did not currently have a vehicle, but that he could take a bus to meet the girl near her house and then the two of them could take a bus back to his residence.  He also volunteered to pay for her bus ride.  Later in the conversation, defendant said that he had conducted research on the bus route and said he would be leaving on a bus at 6:00 p.m.  He estimated that he would arrive near College and Horizon in Henderson at approximately 7:40 p.m.  Defendant provided both his cell phone number and a photo of himself to the girl, and told her that he would be wearing the same shirt as the one in the photo.

8. Detective Nichols was able to identify defendant prior to the meet.  Defendant listed the name "Patrick Conroy" in his e-mail header, and Conroy's driver's license photo matched the image provided to the girl during e-mail communication.  On October 5, 2010, at 7:15 p.m., detectives set up surveillance in the area of Horizon and College.  At approximately 7:50 p.m., they observed defendant at a bus stop near Horizon and College.  They then observed him walking directly to the parking lot of Vons (approximately 1.5 miles away), where he was taken into custody and transported to the Henderson Police Department.

9. Detective Nichols advised defendant of his *Miranda* rights.  Defendant waived these rights, and gave a statement to Detective Nichols.  During his statement, defendant admitted his full involvement with the activities that comprise this investigation.  He admitted that he had actively been communicating with other Yahoo users in Yahoo chat rooms about sexually abusing juveniles.  Defendant claimed that his talk was fantasy, but he admitted to not only speaking to adults about sexual abuse, but to engaging other juveniles for the purpose of engaging in sexual acts with them.

10. Defendant said that, on October 5, 2010, he stayed in his room all day actively chatting via Yahoo chats, except for one trip to a Walgreens near his residence.  He confirmed the e-mail address and cell phone numbers used in the chats as his, and admitted that none of his roommates

1  use his computer. He also admitted to posting an ad on Craigslist. Defendant accurately described the
2  ad that Detective Nichols saw on Craigslist. Defendant said that, after placing the ad, he received a
3  reply from a female, but implied that he read her age incorrectly as 24, rather than 14. When
4  confronted with excerpts from his communications, however (specifically portions in which he actually
5  stated her age as 14), defendant backed off this implication. Defendant also admitted that, after some
6  communication with the minor in this case, the conversation turned sexual, and that it has been a
7  fantasy of his to have sex with a minor.

8      11.    Defendant used a facility of interstate commerce to post the Craigslist ad and
9  to communicate with the person that he thought was a 14-year old girl. Defendant was over 18 years
10 old during the time that all of these events occurred. It is a crime in Nevada for a person over the age
11 of 18 to engage in sexual acts that defendant told the girl they would engage in, with a 14-year old.

## ACKNOWLEDGMENT

13      1.    The defendant acknowledges that the defendant has been advised, and
14 understands, that by entering a plea of guilty the defendant is waiving, that is, giving up, certain rights
15 guaranteed to the defendant by law and by the Constitution of the United States. Specifically, the
16 defendant is giving up:

17      a.    The right to proceed to trial by jury on the original charges, or to a trial
18 by a judge if he and the United States both agree;

19      b.    The right to confront the witnesses against him at such a trial, and to
20 cross-examine them;

21 . . . .
22 . . . .
23 . . . .
24 . . . .
25 . . . .
26

      c.      The right to remain silent at such trial, with such silence not to be used against him in any way;

      d.      The right, should he so choose, to testify in his own behalf at such a trial;

      e.      The right to compel witnesses to appear at such a trial, and to testify in his behalf; and,

      f.      The right to have the assistance of an attorney at all stages of such proceedings.

**DATED**: this 24th day of October, 2011.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

/s/ Nancy J. Koppe

NANCY J. KOPPE
Assistant United States Attorney

# CERTIFICATE OF SERVICE

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                                                                )<br>          Plaintiff,                                      )<br>                                                                )<br>vs.                                                            )<br>                                                                )<br>PATRICK CONROY,                              )<br>                                                                )<br>          Defendant.                                   )<br>_____ ) | 2:11-cr-00001-KJD-GWF |

The undersigned hereby certifies that she is an employee in the office of the United States Attorney for the District of Nevada and is a person of such age and discretion as to be competent to serve papers.

That on October 24, 2011, she served a copy of the attached **MEMORANDUM IN SUPPORT OF PLEA**, by electronic service through CM/ECF.

Addressee:    Rebecca Rosenstein, Esq.

                                                                  /s/ Nancy J. Koppe                
                                                                 Nancy J. Koppe, AUSA